KAY XIONG YANG,

        Petitioner,

  v.                                                      Case No. 25-cv-2045-pp

MICHAEL GIERACH, CHRISTOPHER SCHMALING,
JARED HOY, SAMUEL CHRISTENSEN,
JAMES K. MUEHLBAUER and JOHN DOES 1-9,

        Respondents.

**ORDER OVERRULING OBJECTION (DKT. NO. 8), ADOPTING JUDGE DRIES'S RECOMMENDATION (DKT. NO. 7), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

      Petitioner Kay Xiong Yang has filed a second petition challenging her 2025 judgment of conviction on four counts of criminal slander of title in Ozaukee County Circuit Court Case No. 2024CF031. Dkt. No. 1; see also Yang v. State of Wisconsin, Case No. 25-cv-876 (E.D. Wis. June 20, 2025). The petitioner initially filed a federal lawsuit, in which she filed a motion for injunctive relief seeking to halt her sentencing; Judge Ludwig denied that motion. Yang v. Wisconsin, Case No. 25-cv-753 (E.D. Wis. June 18, 2025), Dkt. No. 11. On June 20, 2025, after the state court had sentenced her to several years in prison, the petitioner filed a federal petition for writ of *habeas corpus*. Yang v. Wisconsin, Case No. 25-cv-876 (E.D. Wis.), Dkt. No. 1. Magistrate Judge Dries recommended that the district judge deny the petition without prejudice because the petitioner had not exhausted her state court remedies.

1

Id. at Dkt. No. 5 (E.D. Wis. July 30, 2025). Judge Adelman adopted Judge Dries's recommendation and dismissed the case. Id. at 6, 7.

In this second *habeas* petition, which the petitioner titles "Emergency Petition for a Writ of Habeas Corpus," the petitioner concedes that she has not completed review in the state courts but asks to be excused from the exhaustion requirement because of an "inordinate and unexplained delay" by the state courts. Yang, Case No. 25-cv-2045, Dkt. No. 1. Magistrate Judge Dries has issued a recommendation that this Article III court deny the petition without prejudice and that the petition be dismissed because of the petitioner's failure to exhaust her state court remedies. Dkt. No. 7. The petitioner timely filed an objection to that recommendation. Dkt. No. 8. The court will overrule the objection, adopt Judge Dries's recommendation and dismiss the case without prejudice.

**I.     Background**

    A.     Procedural History

On January 24, 2024, the Ozaukee County District Attorney's Office filed a complaint against the petitioner, charging her with multiple counts of criminal slander of title in violation of Wis. Stat. §943.0(1). State v. Yang, Ozaukee County Circuit Court Case No. 2024CF31 (available at http://wcca.wicourts.gov). On April 17, 2025, after a four-day jury trial, the jury found the petitioner guilty on all four counts. Id.

A month later, on May 23, 2025, the petitioner filed a complaint here in federal court alleging wrongful conviction and asking, among other things, for

to remove the state criminal case to federal court, return property and award her damages. Yang v. Wisconsin, Case No. 25-cv-753 (E.D. Wis.), Dkt. No. 1. Five days after she filed that complaint, the court received from the plaintiff an "Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction Halting June 19, 2025 Sentencing." Id. at Dkt. No. 2. In this motion, she asked the federal court to halt the sentencing hearing in Ozaukee County Case No. 2024CF31. Id. On June 18, 2025, district judge Brett H. Ludwig denied the motion for injunctive relief. Id. at Dkt. No. 11. (The federal civil case remains pending.)

On June 19, 2025, the Ozaukee County Circuit Court sentenced the petitioner. Yang, Ozaukee County Circuit Court Case No. 2024CF31. http://wcca.wicourts.gov. Two days later, the petitioner filed here in federal court a petition for a writ of *habeas corpus*. Yang v. Wisconsin, Case No. 25-cv-876 (E.D. Wis.), Dkt. No. 1. The petition did not seek relief under any of the federal *habeas* statutes (28 U.S.C. §§2241, 2254 or 2255); in fact, it expressly stated that the petitioner was not seeking relief under any statute (which the petitioner asserted were "non-binding summaries issued by revisionary counsel"). Id. at 4.

On July 10, 2025, the petitioner filed in Ozaukee County Circuit Court a notice of intent to seek post-conviction relief. Yang, Ozaukee County Circuit Court Case No. 2024CF31. http://wcca.wicourts.gov. Three weeks later, on July 30, 2025, Magistrate Judge Stephen C. Dries of this federal court issued a recommendation that district judge Lynn Adelman dismiss the federal *habeas*

3

*corpus* petition. Yang v. Wisconsin, Case No. 25-cv-876, Dkt. No. 5. Judge Dries concluded that the petition was a "quintessential" petition for relief under 28 U.S.C. §2254 and that the petitioner had not exhausted her available state-court remedies, as §2254 requires. Id. at 3-4. On August 22, 2025, Judge Adelman adopted that recommendation and dismissed the petition. Id. at Dkt. Nos. 6, 7.

The state docket shows that on July 25, 2025, the petitioner filed a postconviction motion. Yang, Ozaukee County Circuit Court Case No. 2024CF31. http://wcca.wicourts.gov. As best the court can determine, that motion is not fully briefed. The docket also reflects that on October 24, 2025, the court acknowledged the filing of a "Writ/Petition." Id.

On December 30, 2025, the petitioner filed the instant *habeas* petition. Dkt. No. 1. She titled it an "emergency" petition, and cited 28 U.S.C. §2254. Id. at 1. She seeks her immediate and unconditional release from custody and an order declaring the judgment in the Ozaukee County criminal case to be null and void and to violate the Constitution. Id. at 15. The state docket reflects that on February 12, 2026, the Wisconsin Supreme Court denied "Def's Writ and all other requests for relief – doc for review to the Court." Yang, Ozaukee County Circuit Court Case No. 2024CF31. http://wcca.wicourts.gov.Id.

B.     Petition (Dkt. No. 1)

The petitioner, who currently is incarcerated at Taycheedah Correctional Institution and is representing herself, has named as respondents the Warden of Taycheedah, the Sheriff of Racine County, the clerk of the Wisconsin

4

Supreme Court and the state-court judge who presided over her trial, as well as ninety-nine John Doe respondents. Dkt. No. 1 at 1-2. She argues that she has been imprisoned for a "non-existent crime": "slander of title." Id. According to the petitioner, an essential element of "slander of title" under Wis. Stat. §943.60 is the "existence of a valid property interest that was slandered." Id. at 2-3. She asserts that her prosecution was predicated on a sheriff's deed, but that the evidence at the state trial showed that the sheriff's deed "was created using a Wisconsin Real Estate Transfer Return bearing the forged signature of Petitioner's husband," and that her husband swore an affidavit that he "never signed the document and never owned the property." Id. at 3. The petitioner argues that because the title was a "nullity," she was "convicted of slandering something that did not legally exist," and that "[t]he conduct for which she was convicted was not, and could never be, a crime under Wisconsin law." Id.

The petitioner asserts that the conviction is the "final act in a multi-year, multi-agency campaign designed to destroy Petitioner and seize her assets after a two-year DFI investigation found no evidence of wrongdoing." Id. She alleges that there was judicial misconduct in her criminal case, which "was the culmination of a multi-year, systemic policy of unconstitutional silencing executed by a succession of four judicial actors." Id. at 5. She accuses Judges Steven Cain, Sandy Williams, James Muehlbauer and Ryan Hetzel of ignoring her filings and creating procedural traps. Id. at 5-6. The petitioner refers to her criminal trial as a "constitutional travesty" riddled with the "Systematic Exclusion of All Defense Evidence," "Admission of Unvetted Hearsay for the

5

Prosecution," "A Stated Intent to 'Make an Example' of Petitioner," "A Confession of Collusion" by the judge and "a biased tribunal." Id. at 6-7.

The petitioner asserts that on October 15, 2025, she filed an emergency *habeas* petition with the Wisconsin Supreme Court. Id. at 8. She says that, as a result of this filing, she was subjected to "punitive transfers" between Taycheedah and the Racine County Jail, and that the clerk of the Wisconsin Supreme Court committed a criminal act by stamping the petition as "FILED" before returning the petition "to the incarcerated petitioner with the official 'FILED' stamp physically and deliberately crossed out." Id. The petitioner maintains that she has fully exhausted her available state remedies and that she believes that the Wisconsin Supreme Court's "inordinate and unexplained delay in ruling on [her] emergency petition for over two months . . . constitutes judicial default that renders the state process ineffective." Id. at 10. She also focuses on the "criminal falsification of the Supreme Court's own records by its Clerk," referring to the crossed out "Filed" stamp by the clerk. Id.

The petitioner raises four grounds for relief: (1) violation of the Due Process Clause of the Fourteenth Amendment because she has been convicted of a non-existent crime, denied her right to present a defense and denied access to the courts; (2) actual innocence; (3) structural error by a biased tribunal; and (4) deprivation of liberty without due process due to "structurally defective trial presided over by a biased judge." Id. at 12-13. The petitioner has attached eighty-two pages of exhibits, including a letter from US Bank stating that in response to the subpoena she served on the bank, it could not locate

6

mortgage records but that an account may have existed that since had closed and been purged from their system under the bank's record retention policy, dkt. no. 1-1 at 2-4; affidavits filed with the Wisconsin Supreme Court, id. at 5-7, 16-67; the sheriff's deed of foreclosure, id. at 8-14; affidavits of service, id. at 66-74, a decision and order on the petitioner's motion for default judgment in another case, id. at 75-77; and the petitioner's emergency petition and amended emergency petition filed with the Wisconsin Supreme Court, id. at 79-82.

C. Report and Recommendation (Dkt. No. 7)

Judge Dries recounted the procedural posture of the underlying state criminal case. Dkt. No. 7 at 4. He then acknowledged this federal court's authority under 28 U.S.C. §2251 to "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." Id. at 5. But he determined that the petitioner had "not presented any extraordinary circumstances that would justify interfering with her ongoing state court proceedings." Judge Dries wrote:

> [The petitioner] argues that a stay is necessary to avoid the risk of inconsistent rulings and to promote judicial economy, citing "a profound and documented breakdown in the state's corrective process." Petr's Mot. Stay, at 1. However, [the petitioner] provides little support for that allegation aside from the allegedly crossed out "FILED" stamp. [The petitioner's] motion to stay appears to be a thinly veiled attempt to bypass state-court review altogether. However, she has not demonstrated any significant issues with the current state-court proceedings that would justify that extraordinary relief.

Dkt. No. 7 at 5.

7

D.  Objection (Dkt. No. 8)

The petitioner has raised three specific objections to the recommendation. First, she argues that the two-month delay between the date on which she filed her petition for a writ with the Wisconsin Supreme Court and the date on which she filed this federal case may be brief, but the "delay is attributable to the state's refusal to rule on an emergency habeas petition that alleges a void judgment." Dkt. No 8 at 1. Citing Lane v. Richards, 957 F.2d 363, 364-66 (7th Cir. 1992), the petitioner argues that the state court's failure to rule "rendered the remedial process unavailable." Id. at 2.

Second, the petitioner argues that the state court's failure to rule on the emergency petition "constitutes a constructive denial of relief and a clear example of an ineffective remedy." Id. She asserts that her emergency petition in the state court challenges "the very existence of the judgment, alleging a forged deed and a non-existent property interest;" she says that under Supreme Court law, this is a "structural due-process violation that voids the underlying conviction" and thus "precludes any legitimate exhaustion requirement." Id.

Third, she asserts that she has established a "documented pattern of interference with court filings, including the clerk's alteration of official docket entries" and that this conduct "coupled with the State's prolonged inaction" on her petition satisfies the "'bad faith' prong identified in Carter v. Buesgen, 10 F.4th 715, 723-724 (7th Cir. 2021)." Id. She alleges that the "clerk's tampering

with the docket" and the refusal to docket her emergency petition "demonstrate an absence of available State corrective process." Id. at 3.

The petitioner states that she is seeking *de novo* review, a denial of Judge Dries's recommendation and a finding that exhaustion has been excused under 28 U.S.C. §2254(b)(1)(B). Id.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b)(3), the district court must review *de novo*—without deference to the magistrate judge—any part of the magistrate judge's recommendation to which a party properly objects. See also, 28 U.S.C. §636(b)(1)(C). The court can accept, reject or modify (in whole or in part) the magistrate judge's findings or recommendations.

Judge Dries recommended that this court dismiss the petition at the screening stage. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996, a person incarcerated under the judgment of a state court must exhaust available state-court remedies before a district court may consider the merits of a constitutional claim in a federal *habeas* petition. 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement gives the state court an opportunity to consider and correct alleged violations of the federal rights of persons who are

9

incarcerated by the state. Bolton v. Akpore, 730 F.3d 685, 694 (7th Cir. 2013). To exhaust her claims, "[a] petitioner must raise h[er] constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)). To comply with this exhaustion requirement, the incarcerated person must "fairly present" the claim at each level of the state court. Bolton, 730 F.3d at 694-95. A petitioner can avoid the exhaustion requirement only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(i-ii).

The state court entered judgment on June 20, 2025, the Wisconsin Court of Appeals dismissed the petitioner's appeal as premature on June 27, 2025 and the petitioner filed her notice of intent to pursue postconviction relief on July 10, 2025. Yang, Ozaukee County Circuit Court Case No. 2024CF31. https://wcca.wicourts.gov. The petitioner filed her postconviction motion on July 25, 2025 and filed an "emergency petition" with the Wisconsin Supreme Court on October 15, 2025 (it was docketed October 24, 2025). Most recently, the petitioner filed a "Notice of Pending Federal Actions and Motion for Comprehensive Stay of All State Proceedings and Estoppel" in this case, dkt. no. 5, and in state court, Yang, Ozaukee County Circuit Court Case No. 2024CF31, https://wcca.wicourts.gov. And, as the court has stated, on

February 12, 2026, the Wisconsin Supreme Court denied the petitioner's writ "and all other requests for relief."

The state court did not rule as quickly as the petitioner would have liked, but this does not demonstrate the absence of a state corrective process. Nor has the petitioner shown that circumstances are such that the process available to her—exhausting her state remedies by allowing the Wisconsin Court of Appeals and, if she is unsuccessful there, the Wisconsin Supreme Court to rule on her claims about the alleged errors in charging and at her trial—would be ineffective to protect her rights. The petitioner has filed in this court many documents, including affidavits from friends and family members. She can, and should, present all those documents to the state courts, giving the state courts the opportunity to consider and rule on her claims. If, as the petitioner argues, she was convicted of a crime that is impossible to commit, the state courts must have the opportunity to consider that claim and, if they find the claims have merit, grant the petitioner the relief she seeks.

As for the petitioner's request for the court to stay the proceedings under 28 U.S.C. §2251(a)(1), the court agrees with Judge Dries that it would not be appropriate. Section 2251(a)(1) allows a federal court to "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." The United States Supreme Court has explained that this statute "does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." McFarland v. Scott, 512 U.S. 849, 858 (1994).

11

Generally, courts consider the following factors in deciding whether to grant a motion to stay under §2251 in non-capital cases:

> (1) Are substantial claims set forth in the petition?
>
> (2) Is there a demonstrated likelihood the petition will prevail?
>
> (3) Are there extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective.

Gorak v. Tatum, No. 14-cv-1411, 2015 WL 1167610, at *2 (E.D. Wis. Mar. 13, 2015). In considering these factors, the court also bears in mind the principles of equity, comity and federalism. Ewell v. Toney, 853 F.3d 911, 916 (7th Cir. 2017).

Based on her allegations and the exhibits that she has filed, this federal court cannot conclude that the petitioner has a substantial likelihood of succeeding on her claims here in federal court. The court agrees with Judge Dries that the petitioner has not demonstrated any extraordinary circumstances that would justify a stay. At bottom, the petitioner claims that she is innocent. That is her right, but she has not identified any extraordinary circumstances justifying this federal court's interference in the state-court appeal process afforded to all individuals convicted of state-law criminal offenses.

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing

12

of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists would not debate that the petitioner has not exhausted her state court remedies.

**V.  Conclusion**

The court **OVERRULES** the petitioner's objection. Dkt. No. 8.

The court **ADOPTS** Judge Dries's recommendation. Dkt. No. 7.

The court **DENIES** the petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 13th day of February, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**