UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAY XIONG YANG,

        Petitioner,

                                 Case No. 25-cv-2045-pp

    v.

MICHAEL GIERACH, CHRISTOPHER SCHMALING,
JARED HOY, SAMUEL CHRISTENSEN,
JAMES K. MUEHLBAUER and JOHN DOES 1-9,

        Respondents.

**ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT,
MOTION TO DISQUALIFY JUDGE AND MOTION FOR A TRIAL BY JURY
(DKT. NO. 12)**

On February 13, 2026, the court adopted the report and recommendation issued by Magistrate Judge Stephen C. Dries, denied the petitioner's *habeas* petition and declined to issue a certificate of appealability. Dkt. No. 10. The court denied the federal *habeas* petition because the petitioner had filed it before exhausting her state court remedies. Dkt. No. 10 at 11. The court simultaneously denied the petitioner's request for a stay because she had not identified extraordinary circumstances that would justify the federal court's interference in the state court appellate process. Id. at 12.

On March 13, 2026, the petitioner filed a motion asking the court to (1) vacate the judgment, (2) disqualify this court "(or Magistrate Stephen C. Dries)" and (3) order a jury trial or evidentiary hearing to resolve all of the factual issues that she had identified. Dkt. No. 12 at 1. The court will deny the motion.

1

**I.     Motion to Vacate Judgment, Disqualify Judge, for Trial by Jury (Dkt. No. 12)**

The petitioner argues that Judge Dries "declined to recuse himself despite Plaintiff's request" before referring the matter to this court. Dkt. No. 12 at 1. She says that she filed a "Joint Declaration of Affiants containing a 'Negative-Averments' paragraph," asserting that the defendants had admitted her factual allegations because they had failed to respond. Id. at 2 (referencing Dkt. No. 9). The petitioner believes that her judgment of conviction rests on a "forged deed, a fraudulent foreclosure, tampering with a court filing stamp, and judicial bias, rending the judgment void and issued by a judge who should have been disqualified." Id.

The motion cites Fed. R. Civ. P. 60(b), 28 U.S.C. §§144 and 455 and Fed. R. Civ. P. 8(b)(6). Id. at 3. It rehashes the same arguments the petitioner made in her emergency petition, dkt. no. 1, her exhibits, dkt. no. 1-1, her objection, dkt. no. 8, and her joint declaration, dkt. no. 9. She continues to assert that her underlying judgment of conviction is a legal impossibility. Dkt. No. 12 at 3. As for her requests to disqualify, she argues that this court's involvement with Herr v. Ludwig, et al., Case No. 25-cv-1138 (E.D. Wis.), demonstrates an appearance of bias. Id. at 4. She cites Rules 57 and 39(b) as authority for the court to order a speedy trial. Id. Finally, she reasserts the allegations in her petition that the state actors lacked the authority to take any action against her. Id.

"Rule 60(b) of the Federal Rules of Civil Procedure permits 'a party to seek relief from a final judgment, and request reopening of [her] case, under a limited set of circumstances.'" Kemp v. United States, 596 U.S. 528, 533 (2022) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances."

2

<u>Karraker v. Rent–A–Center, Inc.</u>, 411 F.3d 831, 837 (7th Cir. 2005) (quotation omitted). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief also is available where the petitioner cites newly discovered evidence that wasn't previously available; fraud, misrepresentation or misconduct by an opposing party; a void judgment; or a judgment that has been satisfied, released or discharged or is based on an earlier judgment that has been reversed or vacated. Fed. R. Civ. P. 60(b)(2)-(5). Rule 60(b)(6) is a catchall provision allowing a court to grant relief for "any other reason that justifies relief," and it is available only when Rules 60(b)(1) through (b)(5) are inapplicable. <u>See</u> <u>Kemp</u>, 596 U.S. at 533.

The petitioner has not identified a legal or factual mistake by the court. She makes the same arguments that she previously made and that were rejected by Judge Dries and this court. Dkt. Nos. 1, 6-10. Although she argues that her underlying judgment of conviction is void, the court already has explained to the petitioner why she must first give the state court an opportunity to rule on those arguments before she can seek relief from the federal court. Dkt. No. 10 at 9-11. She also argues fraud and misconduct by the various state actors. Rule 60(b)(3) allows the court to set aside a judgment "if a party engaged in fraud, misrepresentation, or misconduct." <u>Wickens v. Shell Oil Co</u>., 620 F.3d 747, 758 (7th Cir. 2010) (internal quotations and parentheticals omitted). But relief under Rule 60(b)(3) is "an extraordinary remedy granted only in exceptional circumstances." <u>Fields v. City of Chicago</u>, 981 F.3d 534, 558 (7th Cir. 2020) (citation omitted). A party seeking relief under that provision must demonstrate by clear and convincing evidence that she was prevented from fully and fairly presenting her case because of the

3

fraud, misrepresentation or misconduct of the adverse party. Id. The petitioner has presented no evidence showing that she could not fairly and fully present her arguments to this court because of fraud, misrepresentation or misconduct of the adverse party.

In asking for the recusal of this court or Judge Dries, the petitioner cites 28 U.S.C. §§144 and 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. §144. The petitioner also cites 28 U.S.C. §455(a), which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). "The test . . . is whether an objective, disinterested observer fully informed of the reasons that recusal was sought would entertain a significant doubt that justice would be done in the case." United States v. Herrera-Valdez, 826 F.3d 912, 917 (7th Cir. 2016). Section 144 requires the affiant to aver facts that actually display a deep-seated bias or favoritism, Liteky v. United States, 510 U.S. 540, 555 (1994), whereas §455(a) requires the affiant to aver facts that show a risk of bias or favoritism from which an objective, disinterested observer would entertain a significant doubt that justice would be done in the case, see Herrera-Valdez, 826 F.3d at 917.

4

Regarding recusal of Judge Dries, the petitioner simply states, "Magistrate Judge Stephen C. Dries declined to recuse himself despite Plaintiff's request and later referred the matter to Judge Pamela Pepper." Dkt. No. 12 at 1. She does not explain why she believes Judge Dries should have recused himself before screening her petition and recommending to this court that it be dismissed, and she does not identify any facts showing that Judge Dries had a bias against her or that a disinterested observer would perceive that he had such a bias.

Regarding recusal of Judge Pepper, the petitioner references Case No. 25-cv-1138-pp, Herr v. Ludwig, *et al.*, (E.D. Wis.). Dkt. No. 12 at 4. The plaintiffs in that case, Candie Yer Herr and Eric Zooves Herr, are two of the affiants who signed the plaintiff's "Joint Declaration of Affiants," dkt. no. 9 at 2, and provided affidavits, dkt. no 9-1 at 5-14. The petitioner appears to be arguing that judges should recuse themselves if they "preside[ ] over [another case] involving the same key affiants." Dkt. No. 12 at 4. That is not a basis for recusal.

Citing Fed. R. Civ. P. 8(b)(6), which states that an allegation is admitted if a responsive pleading is required and the allegation is not denied, the petitioner argues that the respondents have not denied the affidavits attached to her "Joint Declaration of Affiants," so "every factual assertion set forth in those affidavits is conclusively admitted and forms part of the official record." Id. at 3. A respondent is not required to file an answer or other responsive pleading to a petition until the court screens the petition and orders a response. See Rule 4 of the Federal Rules Governing *Habeas Corpus* Cases Under Section 2254. Because Judge Dries recommended that this court dismiss the petition at the screening stage, and because this court adopted

that recommendation, the court was not required to, and did not, order a responsive pleading, and Rule 8(b)(6) does not apply.

Finally, the petitioner cites Fed. R. Civ. P. 39, which provides for a trial by jury when a party demands one or upon consent. She also cites Rule 57, which explains that the civil rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. It is not clear how either of these rules apply to this *habeas* case, which was dismissed at screening on the petitioner's admission that she had not exhausted her state court remedies.

## II.  Conclusion

The court **DENIES** the petitioner's motion to vacate judgment, motion to disqualify judge and motion for a trial by jury. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 2nd day of April, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6